# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SIGNAL ENHANCEMENT TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM CORPORATION,<br><br>Defendant. | CASE NO. 8:12-cv-02072 DOC-MLG<br><br>**PROTECTIVE ORDER**<br><br>Jury Trial Demanded |

IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among all parties and non-parties (the "Producing Party" or "Disclosing Party") to the Litigation in connection with discovery in the Litigation (this information hereinafter referred to as "Discovery Material"):

    1.    **Applicability of Protective Order:** This Order shall be applicable to and govern all depositions, documents, information or things produced by a party or third party in connection with this litigation in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure or other information that the Disclosing Party designates as Confidential Discovery Material or Highly Confidential Discovery Material (or a reasonably similar designation) furnished, directly or indirectly, by or on behalf of any party or any non-party witness as part of discovery in this action.  As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action and to third parties that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and to third parties that receive such information.

2. **Use of Discovery Material Limited to This Action:** Discovery Material and information derived therefrom shall be used solely for purposes of this Litigation, including any appeal and retrial, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation. Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential (defined below) shall maintain those materials in a secure manner, so as to avoid disclosure of their contents.

3. Any Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires the protections provided in this Order (hereinafter "Confidential Discovery Material" or "Highly Confidential Discovery Material").[1]

4. **Confidential Discovery Material:** For purposes of this Order, information considered to be Confidential Discovery Material includes any information that a party or third party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

5. **Highly Confidential Discovery Material:** For purposes of this Order, information considered to be Highly Confidential Discovery Material shall include, but is not limited to, any Confidential Discovery Material as defined in paragraph 4 which also includes source code, microcode, circuit schematics, masks, net lists, layouts, or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding future business plans, technical data, and potential strategic transactions), the disclosure of which may cause competitive or business injury to the Designating Party.

---

[1] Documents previously produced (i.e. produced before the entry of this Protective Order) and marked with an "Outside Counsel Eyes Only" designation or substantially similar designation shall likewise be treated as if they had been marked "HIGHLY CONFIDENTIAL," in accordance with the terms of this Protective Order, unless and until such documents are redesignated to have a different classification under this Order.

- 2 -

6. **Designating Confidential Discovery Material or Highly Confidential Discovery Material:** The designation of Discovery Material as "Confidential", or "Highly Confidential" for purposes of this Order shall be made in the following manner:

    a. **Documents:** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material, except that, in the case of multi-page documents bound together by permanent binding, the legend "Confidential" or "Highly Confidential" need be affixed only on the first page of the document in order for the entire document to be treated as having been designated as such.

    b. **Deposition and Other Proceedings:** In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Discovery Material or Highly Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within seven (7) business days after the receipt of the official transcript of such proceeding, provided that all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Highly Confidential Discovery Material before such seven (7) business day period has expired. In both of the foregoing instances, the Designating Party shall direct the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material or Highly Confidential Discovery Material. All portions of deposition transcripts not designated Confidential Discovery Material or Highly Confidential Discovery Material as provided in subparagraph 6(b)(i) or (ii) herein shall be deemed not confidential. The parties may modify this procedure for any particular deposition or other testimony, through agreement on the record at such deposition or proceeding, without further order of the Court.

c. **Non-Paper Media:** Any Confidential Discovery Material or Highly Confidential Discovery Material produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "Confidential" or "Highly Confidential." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-paper media, such party must stamp each page "Confidential" or "Highly Confidential," and the hard copy, transcription or printout shall be treated as it is designated.

d. **Financial Summaries**: For the mutual convenience of the parties, the parties may generate certain financial summaries for the purpose of this litigation. To the extent the parties produce such financial summaries in a digital format (e.g., PDF, TIFF, Word file), or to the extent a party puts any such financial summary or the information from any such financial summary into a document in a digital format, the parties shall ensure that all digital copies of these financial summaries are maintained on password protected, encrypted media. All such financial summaries are to be designated "HIGHLY CONFIDENTIAL." To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, they shall be encrypted using a passphrase of at least 20 characters in length and at least 128-bit Advanced Encryption Standard (AES) cipher option, and the transmission shall be by hand, by a secure transport carrier (e.g., Federal Express), or electronic means (e.g., e-mail sent directly to the intended recipient, assuming the recipient is an authorized recipient).

e. **Inadvertent Disclosure:** The inadvertent failure to designate Discovery Material as Confidential, Highly Confidential, or Prosecution Bar Material does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice at any time, with the effect that such Discovery Material will be subject to the protections of this Order from the time it is designated Confidential Discovery Material, Highly Confidential Discovery Material, or Prosecution Bar Material. The Receiving Party shall exercise best efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly

- 4 -

or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

7. The designation of Discovery Material by a Party as "Confidential" or "Highly Confidential" shall constitute a representation by that Party that the Discovery Material has been reviewed by an attorney for the Designating Party and that the attorney made a good faith effort to make the appropriate confidentiality designation.

8. **Persons With Access to Confidential Discovery Material:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

   a. Outside counsel of record in this action and attorneys at outside law firms, and paralegal assistants, technical, administrative and clerical employees working under the direct supervision of such attorneys.

   b. Subject to paragraph 10 hereof, experts or consultants necessary to assist counsel for parties that have appeared in this Litigation and who have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

   c. In-house counsel and two non-lawyer employees of each party to the litigations, provided that all such employees or counsel have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

   d. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

   e. The Court, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    f. Persons employed by jury or trial consulting services, as well as any mock jurors, provided such persons have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

    g. Commercial copy vendors retained by counsel for purposes of this litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

    h. Any person indicated by a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been testimony at deposition or trial testimony, or by declaration or affidavit, that the person was the author or recipient of the document; and

    i. Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A.

9. **Persons With Access to Highly Confidential Discovery Material:** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Discovery Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

    a. Outside counsel of record in this action and attorneys at outside law firms, and paralegal assistants, technical, administrative and clerical employees working under the direct supervision of such attorneys;

    b. Subject to paragraph 10 hereof, experts or consultants necessary to assist counsel for parties that have appeared in this Litigation, and who have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

    c. The Court and persons employed by the Court;

    d. Court reporters employed by the Court or the parties to transcribe testimony (in deposition or in court) or any other proceedings in this Litigation;

- 6 -

   e. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

   f. Persons employed by jury or trial consulting services, as well as any mock jurors, provided such persons have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

   g. Commercial copy vendors retained by counsel for purposes of this litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A;

   h. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been testimony at deposition or trial testimony, or by declaration or affidavit, that the person was the author or recipient of the document; and

   i. Any other person, only upon order of the Court or upon stipulation of the Producing Party, who has signed the "Agreement Concerning Information Covered by Confidentiality Order" attached hereto as Exhibit A.

 10. **Qualification of Outside Experts and Consultants:**  Notwithstanding paragraphs 8(b) and 9(b), Confidential Discovery Material or Highly Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation. Such Confidential Discovery Material or Highly Confidential Discovery Material shall not be disclosed to any such expert or consultant until after a period of ten (10) calendar days after service (or by agreement of the parties, which shall not be unreasonably withheld), by facsimile and regular mail, on all parties of identifying information for the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last three (3) years. The party receiving notice of such expert or consultant and service of such identifying information shall have ten calendar days from the date of such notice

- 7 -

1  to object in writing to the provision of Confidential Discovery Material or Highly Confidential

2  Discovery Material to the outside expert or consultant. Unless the parties otherwise resolve the

3  objection, the objecting party shall have an additional ten calendar days from the date of service

4  of the identifying information regarding the expert to file an appropriate motion to preclude the

5  employment of the expert or consultant and/or disclosures of Confidential Discovery Material or

6  Highly Confidential Discovery Material to him or her, and no Confidential Discovery Material or

7  Highly Confidential Discovery Material that is the subject of the objection will be disclosed until

8  the motion is decided. The times to respond as set out in this subparagraph shall not begin to run

9  unless the identifying information served regarding the expert complies with the requirements set out herein.

10     11. Each person to whom Confidential or Highly Confidential Material may be

11 disclosed that is also required to sign the "Agreement Concerning Information Covered by

12 Confidentiality Order" attached hereto as Exhibit A shall do so prior to the time such Material is

13 disclosed to him or her. Copies of any executed undertakings shall be disclosed to counsel for

14 the Producing Party upon agreement of the parties or further order of the Court.

15     12. Every person given access to Confidential Discovery Material, Highly

16 Confidential Discovery Information or information contained therein shall be advised that the

17 information is being disclosed pursuant and subject to the terms of this Order and may not be

18 used or disclosed other than pursuant to the terms thereof.

19     13. **SOURCE CODE[2]**

20         a. To the extent production of source code becomes necessary in this case, a

21 Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE

22 CODE" if it comprises or includes confidential, proprietary or trade secret source code.

23 The Disclosing Party shall agree to reasonable proposals for the secure facility(ies) that

---

[2] As used herein, "source code" refers to all human-readable programming language text that defines software, firmware, or electronic hardware descriptions, and shall include, without limitation: computer code; scripts; assembly; object code; source-code listings and descriptions of source code; accompanying documentation; object-code listings and descriptions of object code; Hardware Description Language (HDL); Register Transfer Level (RTL) files describing any portion of the hardware design of any ASIC or other chip; similarly-sensitive implementation details; files containing text written in "C," "C++," assembler, VHDL, Verilog, and/or digital signal processor (DSP) programming languages; "include files"; "make" files; link files; and any other human-readable text files used in the generation and/or building of any software that is directly executed on a microprocessor, microcontroller, or DSP.

- 8 -

are convenient to the Receiving Party, and in particular shall agree to reasonable proposals for secure facility(ies) that are located near the Receiving Party's counsel, experts and/or consultants.

      b.     Protected Material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL" information, including the Prosecution Bar set forth in Paragraph 15, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL " information may be disclosed, as set forth in Paragraph 9.

      c.     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, upon 48 hours' notice during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel, the Producing Party's corporate headquarters, or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  Proper identification of the Receiving Party's authorized representatives shall be provided prior to any access to the secure room and the source code.  No electronic devices, including but not limited to laptops, floppy drives, zip drives, other hardware, cellular telephones, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other electronic devices shall be permitted inside the secure room.  No nonelectronic devices capable of similar functionality shall be permitted in the secure room.  The person(s) reviewing source code for the Receiving Party will not transmit any source code in any way from the secure room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

      d.     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings,

- 9 -

expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, either party may request appropriate relief from the Court.  For the purpose of such a challenge, requests for printed portions of source code exceeding 50 continuous or 500 total pages shall be rebuttably presumed excessive and not reasonably necessary for a permitted purpose.

  e. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and the Receiving Party shall provide a copy of said record to the Producing Party upon request.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area, to which only individuals authorized under Paragraph 9 have access.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

  f. Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in this litigation.  No person shall review or analyze any source code for purposes unrelated to this litigation, nor may any person use any knowledge gained as a result of reviewing source code in this litigation in any other pending or future dispute, proceeding, patent prosecution, or litigation.

14. **Exclusion of Individuals From Depositions:** Counsel for any Disclosing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which is Confidential or Highly Confidential.

15. **Prosecution Bar Materials:** Any Highly Confidential Material, such as technical product-design or product-development documents, product source code, or product schematics may also be designated as "Prosecution Bar Materials". Any such materials shall be designated by the Producing Party as Prosecution Bar Materials by lodging "Prosecution Bar" or "PB" in addition to the "Highly Confidential" and/or "Highly Confidential – Source Code" labels. Documents so labeled and obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter. Prosecution Bar Materials can only be used for this litigation as it relates to the '530 and/or '097 patents in accordance with the protections and safeguards set out herein, must be kept in confidence as herein provided, and cannot be used for non-litigation purposes, including without limitation, patent prosecution activity involving drafting or prosecuting claims that cover the products or services of the other Party. In addition, no party shall disclose any Prosecution Bar Materials of an opposing party to any lawyer, patent agent, or any other person who is (1) substantively involved in the prosecution of patent applications on behalf of Broadcom or SET relating to the products of an opposing party in this action or (2) substantively involved in the acquisition of patents, or selection of patents to assert in litigation, on behalf of Broadcom or SET for assertion against the other party. The party or non-party who produces or discloses its own Prosecution Bar Materials is not to be precluded by this Protective Order from disclosing or using its own Prosecution Bar Materials in any manner as it may deem fit, including in the context of patent prosecution.

16. **Storage and Copies of Confidential Discovery Material or Highly Confidential Discovery Material:** The recipient of any Confidential Discovery Material or Highly Confidential Discovery Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due

and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information; provided, however, that any Confidential or Highly Confidential Discovery Material provided pursuant to this Protective Order shall be maintained in a locked file cabinet in a segregated file or in the electronic equivalent that prevents access by any other personnel of the Receiving Party. Confidential Discovery Material or Highly Confidential Discovery Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based.

17. **Filing Under Seal:** No documents or materials shall be filed under seal with the Court, including, without limitation, discovery materials, answers to interrogatories, expert reports, deposition transcripts, trial exhibits, demonstrative exhibits, trial transcripts, pleadings, briefs, and memoranda that comprise or contain Confidential Discovery Material or Highly Confidential Discovery Material, without complying with all applicable rules of the Court, specifically L.R. 79-5.1.

In the event the Court denies any request to file information under seal, that information, after having been considered by the Court, shall be returned to the party that lodged it.

18. Entering into this Stipulation, agreeing to and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or otherwise complying with the terms of this Order *shall not*:

    a. Operate as an admission by any party that any particular Confidential Discovery Material or Highly Confidential Discovery Material contains or reflects business opportunities, affiliations or projections, or any other type of confidential information;

    b. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection

- 12 -

for any particular information deemed by any party to be Confidential Discovery Material or Highly Confidential Discovery Material;

  c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  d. Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Order;

  e. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

  f. Prevent the parties to this Order from agreeing to alter or waive the provisions and protections provided for herein with respect to any Discovery Material.

 19. **Use of Party's Own Information Allowed:**  This Order has no effect on, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Discovery Material or Highly Confidential Discovery Material for any purpose whatever.

 20. **Challenging Designation of Materials:**  A party shall not be obligated to challenge the propriety of a Confidential, Highly Confidential, or Prosecution Bar designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party may provide to the Disclosing Party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that information has been properly designated as Confidential, Highly Confidential, or Prosecution Bar is on the party making such designation.  Any challenged designation remains in force until the propriety of such designation has been determined, either by agreement of the parties or by order of the Court as outlined above.

 21. **No Application to Public or Otherwise Available Information:**  Notwithstanding the designation, as provided above, of any testimony, evidence or other matters

- 13 -

as Confidential Discovery Material or Highly Confidential Discovery material, said documents, testimony, evidence and other materials shall not, in fact, be deemed Confidential Discovery Material or Highly Confidential Discovery Material, and shall not be subject to this Protective Order, if the substance thereof:

    a.    Is, at the time of disclosure by the Disclosing Party, public knowledge by publication or otherwise;

    b.    Has become, at any time, and through no act or failure to act on the part of the Receiving Party and without breach of any obligation of confidence, public knowledge;

    c.    Has previously been disclosed by the Disclosing Party to the Receiving Party in public;

    d.    Has been made available to the Receiving Party by a third person who obtained it by legal means and without any obligation of confidence to the disclosing party.

    e.    **Challenging Designation of Materials:** If the Receiving Party believes that the Disclosing Party has designated information that is covered by subsections 22(a), (b), (c), or (d) as Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in paragraph 21 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

22.    **Modification:** It is the present intention of the parties that the provisions of this Order shall govern discovery in the Litigation. The parties hereto agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of the terms of this Order shall subject the offender to the same sanctions and penalties as if this Order had been entered by the Court. Nonetheless, the parties hereto shall be entitled to seek modification, or expansion of this Order by application to the Court and on notice to the other parties hereto. Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for Discovery Material claimed

to be protected work product or privileged, or Discovery Material as to which the Producing Party claims a legal obligation not to disclose; or (b) to seek to modify or obtain relief from any aspect of this Order.

23. **No Waiver of Privilege or Work Product:** In keeping with and in addition to Fed. R. Civ. P. 26(b)(5)(B), if information subject to a claim of attorney-client privilege, attorney work product, business strategy privilege or any other ground on which production of such information should not be made to any party is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, business strategy or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, that party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the Receiving Party shall not use such information for any purpose until further order of the Court. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

24. **Non-parties:** Non-parties who produce Discovery Material pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

25. **Protective Order Survives Termination of Litigation and The Court Retains Jurisdiction:** Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.  This Protective order shall survive the termination of this action.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

26. **All Rights Reserved:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

27. **No Waiver of Any Right to Object:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

28. **Conclusion of Litigation:** Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and, in either case, certify that fact to counsel for the Producing Party. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, *provided* that such outside counsel of record shall not disclose Confidential Discovery Material or Highly Confidential Discovery Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Discovery Material or Highly Confidential  Discovery Material. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

29. **Use in Court Proceeding Will Not Affect Confidential Status:** In the event that any Confidential or Highly Confidential information is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential information shall not lose its status as Confidential or Highly Confidential through such use. Counsel shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including closing the court room.

30. **Subpoenas in Other Actions:** If any person receiving documents covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding or is served with a document demand, and such subpoena or document demand seeks Discovery Material which was produced or designated as Confidential by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile transmission within five (5) business days

of receipt of such subpoena or document demand, to the person or party who produced or designated the material as Confidential and shall object to the production of such Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the subpoena shall fall upon the party who produced or designated the Confidential Material. Unless the party who produced or designated the Confidential Material obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiver prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a violation of this Order.

31. **Applicability**: This Order applies to all Discovery Material produced in this Litigation, whether produced before or after the entry of this Order and whether produced by a party or non-party. Non-party witnesses may avail themselves to the procedures and protections in this Order by agreeing in writing to be bound by this Order.

32. **Advice Based On Discovery Material Allowed:** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Discovery Material or Highly Confidential Discovery Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Discovery Material or Highly Confidential Discovery Material produced by another party if that disclosure would be contrary to the terms of this Protective Order.

33. **No Effect On Other Legal Obligations:** This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Discovery Material or Highly Confidential Discovery Material. The fact that information is designated Confidential Discovery Material or Highly Confidential Discovery Material under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

34. **Redaction Allowed:**  Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.  The Producing Party shall preserve an unredacted version of each such document.  This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

35. **Violations of Protective Order:**  In the even that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

36. **Reasonable Modifications Upon Written Agreement:**  The parties may agree in writing to reasonable modifications of this Protective Order.  However, no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

37. **Headings:**  The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

**Dated:** _____                          _____

                                                                     **Judge, United States District Court**

# **EXHIBIT A**

## **AGREEMENT CONCERNING INFORMATION**

## **COVERED BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. SACV12-2072 DOC (MLGx)) by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

1.  I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

2.  I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3.  If I receive documents or information designated as Confidential, Highly Confidential, or Prosecution Bar, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

4.  I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

5.  I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is _____
_____
_____

My present employer is _____

Dated: _____     Signed: _____