# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SIGNAL ENHANCEMENT TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM CORPORATION,<br><br>Defendant. | CASE NO. 8:12-cv-02072 DOC-MLG<br><br>**ORDER REGARDING ELECTRONICALLY STORED INFORMATION (ESI)**<br><br>Jury Trial Demanded |

This Court Orders as follows:

I.  This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

**General Terms**

II.  This order may be modified in the court's discretion or by agreement of the parties. The parties agree to work collaboratively and in good faith regarding the production of ESI. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

III.  The parties agree to preserve originals of documents or other information that is produced through the course of litigation, including ESI. In addition to the limitations contained herein, the parties agree to work together to reach additional agreements on limits to the scope of production of ESI, including the use of date restrictions and file types.

IV.  To the extent that a party excludes from production ESI from any source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall

identify the specific source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens involved in producing the ESI The requirement to identify and explain does not apply where a party excludes from production ESI because the request for such ESI goes beyond the scope permitted by this Order, or is otherwise improper.

V.   Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. A party's nonresponsive or dilatory discovery tactics will be considered in cost-shifting determinations. Likewise, a party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

### Collection and Production Specifics

VI.   For each ESI file produced, the parties agree to include the extracted full text (or the OCR data, if extracted full text is unavailable), subject to the normal capabilities of each party's document management and production software.

VII.   The parties will produce electronic documents in the following format(s):

Subject to Paragraph 6, ESI shall be produced in single-page TIFF format (one .tif file per page).  The tiff images should be produced in Standard Group IV Black and White single page tiff images at a minimum of 300 dpi, or if the receiving party specifically requests it  after production in black and white, the producing party will within reason produce TIFFs in color of the specific black and white TIFFs at issue. Color images should be produced in minimum 150 dpi jpg images.  Tiff image files should be segmented into directories not to exceed 1,000 files per folder.

Plaintiff shall provide Defendant with:

Images:  Single-page, Group IV TIFs   (Black-and-white, 1-bit) or color JPGs, single page.  Opticon format image load file.  Serialized page-level TIF file names, fixed length.

Text:  Document-level text named for the first page.  Text path information for each document in the DAT file.

Data:  DAT with Concordance-type delimiters.

FirstPage, LastPage - for first page of each document.

AttachBegin, AttachEnd – to denote attachment ranges.

TextPath – Full path to text file, including file name.

Defendant shall provide Plaintiff with a Summation load file (.dii) formatted as follows:

> Record 1
>
> @FULLTEXT DOC
>
> @T TLC00001
>
> @D @I\Vol003\001\
>
> TLC00001.tif
>
> TLC00002.tif

The Bates-numbered TIFF images provided to Plaintiff shall be located in an "IMAGES" folder. All text searchable/OCR .TXT files shall be located in the same "IMAGES" folder as the corresponding TIFF image.

Bates numbers endorsed on the face of the image;

The parties will work in good faith to produce the following metadata fields. To the extent such metadata exists and can be automatically extracted and loaded into the producing party's ESI management software in the ordinary course and operations of such software, Plaintiff shall produce such metadata as part of one data load file (.dat) per production and Defendant shall provide Plaintiff a comma/quote format .txt file

**All file types:**

| *Field* | *Data Type* | *Description* |
|---|---|---|
| StartPage | Text | Starting Bates number for the document. |
| EndPage | Text | Ending Bates number for the document. |
| FileExtension | Text | The extension of the original file. |

No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

Voicemail and Mobile Devices. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

VIII. Redacted ESI shall be produced in TIFF format only.

- 3 -

IX. Certain ESI ("Native-only ESI") shall be produced in native format, and shall not be produced in TIFF format unless it is redacted. "Native-only ESI" includes only spreadsheets (.csv, .xls, .wks) and Microsoft Access databases (.mdb), which will be produced in native format along with a slip sheet indicting that they were so produced. The parties agree to meet and confer in good faith to modify this definition of "Native-only ESI" if necessary, and may do so by written agreement without the Court's leave.

**Production of Electronic Correspondence ("Email")**

X. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

XI. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

XII. Email production requests and production shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

XIII. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

XIV. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for

- 4 -

additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

      XV.    Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

      XVI.    With respect to email, in addition to the data fields set forth in Paragraph 7 above, the parties will work in good faith to produce the following additional metadata fields as part of the above described files (.dat and comma/quote .txt), to the extent such metadata exists, and can be automatically extracted and loaded into the producing party's ESI management software in the ordinary course and operations of such software:

**Email messages:**

| Field | Data Type | Description |
|---|---|---|
| From | Text | The sender of the message. |
| To | Text | The recipient(s) of the message. |
| CC | Text | The cc'ed recipient(s) of the message. |
| BCC | Text | The bcc'ed recipient(s) of the message. |
| Custodian | Text | The person from whom the message was obtained |
| Subject | Text | The subject of the message |
| DateSent | DateTime | Date the message was sent. |
| DateReceived | DateTime | Date the message was received. |
| AttachmentCount | Integer | The number of attachments to the email. |
| AttachmentName | Text | Concatenated list of attachment names separated by semicolons. |
| AttachmentBegins | Text | The beginning page for each attachment to the email. |
| AttachmentEnds | Text | The ending page for each attachment to the email. |
| FileName | Text | The name of the original file. |

XVII. Neither party shall use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

XVIII. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

//

//

//

//

- 6 -

XIX. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

IT IS SO ORDERED

DATE: _____, 2013

_____
THE HON. DAVID O. CARTER
United States District Judge